UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Noah Collins Eddleman, | ) | C/A No. 8:25-cv-13236-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee incarcerated at the Grenville County Detention Center. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

Plaintiff commenced this action by filing a civil rights Complaint on the standard form seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff purports to bring claims under § 1983 for violations of his Fourth and Fourteenth Amendment rights to the United States Constitution; Article 1, Section 10 of the South Carolina Constitution; and S.C. Code Ann. §§ 22-5-510, 200. *Id.* at 3. Plaintiff contends that, when arrested without a warrant, an individual should be taken before a neutral and detached magistrate to procure a warrant via a probable cause determination. *Id.* According to Plaintiff, he was arrested on July 15, 2025, and detained without a warrant. *Id.* at 4. Plaintiff was not served with a warrant until 60 days after he was arrested. *Id.* Plaintiff

1

contends that Defendant Scotty Bodiford, who is the jail administrator, failed to perform his duty by delivering Plaintiff to a magistrate for procurement of a warrant. *Id.*

For his injuries, Plaintiff contends that, while in detention, his dad died, his family is leaving, his son is getting into trouble, he lost his home, his wife left him, he lost his cars, his family is in need of everything, he cannot sleep, and he lost everything. *Id.* at 5. For his relief, Plaintiff seeks declaratory relief and injunctive relief "to be taken in front of a judge and conduct a [probable cause] determination hearing." *Id.*

The Court takes judicial notice that Plaintiff has been charged in the Greenville County Court of General Sessions with approximately six crimes that remain pending against him at case numbers 2024A2330210411, 2024A2330210412, 2025A2330200634, 2025A233027118, 2025A2330208282, and 2025A2330208283. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Nov. 5, 2025).[1]

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental

---

[1] The Court takes judicial notice of the records in Plaintiff's pending criminal cases in the state court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

(explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief.  *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555.  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion").  Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief.  *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United

States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

This action is subject to dismissal because the allegations in the Complaint fail to state a claim for relief that is plausible. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the Complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations in the Complaint fail to satisfy this standard for the following reasons.

**Habeas Relief**

To the extent Plaintiff is seeking his release from custody, he must do so through habeas corpus proceedings rather than seeking relief under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Even if the Court were to construe this action as one seeking habeas relief under 28 U.S.C. §§ 2254 or 2241, Plaintiff's claims are not properly before this Court because he has failed to exhaust his state court remedies.

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction under 28 U.S.C. § 2254. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States*

*v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, an "'attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus relief, *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)), and a federal writ of habeas corpus under § 2241 can only be sought *after* the petitioner has exhausted his state remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (explaining exhaustion is required under 28 U.S.C. § 2241). Thus, "[p]retrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review." *Allen v. Robinson*, No. 92-6703, 1993 WL 46883, at *1 (4th Cir. 1993).

While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist that would protect a detainee's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778 (4th Cir. Apr. 5, 1993). Where a threat to a detainee's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Moore*, 515 F.2d at 449; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449 (explaining the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal).

In this case, Plaintiff has failed to show that he has exhausted his state court remedies or that "special circumstances" justify review by this Court. Plaintiff asserts that his rights under the United States Constitution have been violated because he was detained before he received warrants and was delayed in being taken before a magistrate judge for a probable cause determination. However, because Plaintiff may raise these claims in the state courts during trial and post-trial proceedings, pretrial intervention by this Court is inappropriate. *See Wirtz v. Dir. of Oconee Cnty. Det. Ctr.*, C/A No. 4:13-cv-387-RMG, 2013 WL 1901148, at *2 (D.S.C. May 7, 2013). Plaintiff has not exhausted his state remedies and does not allege any special circumstances to show that pretrial intervention would be appropriate in this case. Plaintiff is, therefore, precluded from federal habeas relief at this time, to the extent he is seeking such relief, and the Complaint should be dismissed if it is premised on such claims.

**Fourth Amendment Claims**

Liberally construed, the Complaint may be asserting that Plaintiff was subjected to an unlawful seizure and/or arrest. "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for unlawful arrest or imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus,

there is no § 1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause.[2] *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

Plaintiff has failed to allege facts showing that he was arrested and detained without probable cause. Critically, Plaintiff has not identified any individual responsible for his arrest and/or failure to secure a warrant. Although Plaintiff names Bodiford as a Defendant, Plaintiff has not alleged facts showing that Bodiford cause his detention or initiated the charges against Plaintiff. In the absence of allegations against any specific individual who caused Plaintiff to be arrested and/or detained without probable cause, the Complaint fails to state a claim for relief that is plausible.

Further, to the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

---

[2] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

### *Younger* Abstention

Finally, to the extent that Plaintiff's allegations, liberally construed, are treated as a challenge to the charges pending against Plaintiff or his present incarceration at the Greenville County Detention Center, any such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require this Court to interfere with or enjoin the pending state court criminal proceedings against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010). Plaintiff is able to address the claims

asserted in this action related to his constitutional rights as to his criminal proceedings in the state court.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action for failure to state a claim, without leave to amend, and without issuance and service of process.[3]

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

November 5, 2025<br>
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] Leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).